**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURINDER SINGH, | No. 08-71417 |
| Petitioner, | Agency No. A075-248-076 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:      BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Gurinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his second motion to

rescind his in absentia removal order.  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Singh's motion as number-barred, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and Singh failed to demonstrate that he acted with the due diligence required for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

Singh's contention that 8 C.F.R. § 1003.23(b)(4)(ii) is unconstitutional is unavailing.

To the extent Singh challenges the immigration judge's June 11, 1998, decision, we lack jurisdiction because Singh did not appeal from that decision to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Singh's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

08-71417